■ RUBEN COLLAZO, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Order of the State Human Rights Appeal Board, dated January 14, 1983, confirmed, without costs and without disbursements. Concur — Sandler, J. P., Fein and Alexander, JJ.

Carro and Asch, JJ., dissent in part in a memorandum by Asch, J., as follows: Petitioner, who is Puerto Rican, filed a complaint which alleged that his employer, Academic Press, Inc., unlawfully discriminated against him because of his national origin and marital status with the State Division of Human Rights. Among other allegations, petitioner asserted that on July 18, 1980, a son was born to his live-in companion, Linda Herzog, and petitioner's application for medical insurance benefits was rejected on the grounds that Ms. Herzog did not qualify as his dependent under the terms of the medical insurance provided. The State division made a finding of no probable cause and the State Human Rights Appeal Board affirmed that determination after

investigation. I agree that there were sufficient reasons for petitioner's dismissal, including petitioner's free-lance work, constituting a possible conflict of interest and violation of company management practices. However, the State division found that the Equitable Life Assurance health insurance policy defined dependent as "(a) an insured employee's wife or husband not legally separated from the employee" and that, therefore, petitioner's companion was not eligible for medical benefits from Academic's insurer. Part of petitioner's claim was discrimination because of the denial of the medical benefits. The division never made a determination whether these terms of the medical insurance policy which excluded coverage for petitioner's companion were discriminatory or not. Section 296 (subd 1, par [a]) of the Executive Law (the Human Rights Law) provides that it is an unlawful discriminatory practice "[f]or an employer * * * because of the age, race, creed, color, national origin, sex, or disability, *or marital status* of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual *or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.*" (Emphasis added.) The provision of health insurance to employees is either a form of "compensation" or one of the "terms, conditions or privileges of employment" and as such the employer is forbidden to discriminate on the basis of marital status, under the Human Rights Law as cited above. Even assuming, as I do, that petitioner was terminated not because of marital status or national origin, the division never determined whether the denial of his application for medical insurance benefits was a violation of the Human Rights Law since it was based solely on his marital status. Accordingly, I would annul the order of the State Human Rights Appeal Board and remand the matter to the division for further findings only with respect to petitioner's claim that the failure to provide medical insurance for his unmarried female companion improperly discriminated against him in the terms of his employment.